UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PLUTARCO SANTOS,

                Plaintiff,

-against-

ROSA LOPEZ,

                Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _6/30/2020_____

18 Civ. 5215 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiff, Plutarco Santos, brings this action against Defendant, Rosa Lopez, for, *inter alia*, unpaid minimum and overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. and the New York Labor Law ("NYLL"), § 190 *et seq*. ECF No. 7. On January 30, 2020, the Court set this matter down for a bench trial to commence on July 6, 2020. Pretrial Order at 2, ECF No. 71. The Court ordered the parties to submit a joint pretrial order by May 22, 2020. *Id.* at 1. On June 3, the submission being overdue by 10 days, the Court ordered the parties to submit their joint pretrial order by June 5. ECF No. 73. That deadline also passed without a submission. On June 11, the Court ordered the parties to file their joint pretrial order by June 13 and warned the parties that further noncompliance with the Court's orders could result in the Court dismissing the case, *sua sponte*, for failure to prosecute. ECF No. 74. Once again, the parties failed to submit their joint pretrial order.

    These failures, along with the parties' history of non-compliance with Court orders, *see* ECF Nos. 10, 31, 39, 63, 66, 69, prompted the Court to issue an Order to Show Cause ("OSC") directing Plaintiff to show cause, by June 26, 2020, why the case should not be dismissed for failure to prosecute. OSC, ECF No. 75. On June 26, counsel for Plaintiff wrote to the Court and explained that he has attempted to contact his client multiple times but has been unable to reach him, despite leaving numerous messages. ECF No. 76. Counsel represented that he could not complete the joint pretrial order without input from Plaintiff and that he intended to file a motion to be relieved as counsel. *Id.*

    Under Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed "[i]f the plaintiff fails to prosecute or to comply with [the federal rules] or a court order." "Rule 41(b) gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *Davis v. Town of Hempstead*, 597 F. App'x 31, 32 (2d Cir. 2015) (internal quotation marks and citation omitted). Plaintiff has the ultimate obligation of moving the case to trial, and "[d]ismissal is warranted where there is a lack of due diligence in the prosecution of the lawsuit by [the] plaintiff." *West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990).

    A district court contemplating dismissal of a plaintiff's claim for failure to prosecute and/or to comply with a court order pursuant to Rule 41(b) must consider:

> 1) the duration of [the] plaintiff's failures or noncompliance; 2) whether [the] plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) [the court's] interest in managing

its docket against [the] plaintiff's interest in receiving an opportunity to be heard; and 5) . . . the efficacy of a sanction less draconian than dismissal.

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000). "No one factor is dispositive" in determining the proper outcome and the Court must weigh all five factors in determining whether dismissal is appropriate under Rule 41(b). *United States ex rel. Drake v. Norden Sys.*, 375 F.3d 248, 254 (2d Cir. 2004); *see also Avila v. Comm'r of Soc. Sec.*, No. 15 Civ. 2456, 2016 WL 1562944, at *3 (S.D.N.Y. Apr. 18, 2016). Dismissal under Rule 41(b) is subject to the "sound discretion of the district courts." *Tutora v. Correct Care Sols., LLC*, No. 17 Civ. 9169, 2020 WL 1164793, at *1 (S.D.N.Y. Mar. 11, 2020).

The Court concludes that all factors weigh in favor of dismissal. First, the joint pretrial order was due on May 22, 2020. Pretrial Order at 2. Despite several warnings and opportunities to file the pretrial order, Plaintiff has yet to submit the pretrial order and worse, has failed to communicate with his attorney in order to complete the pretrial order. ECF No. 76. The lack of compliance is even more striking considering that Plaintiff's deadline to submit the pretrial order was set more than four months ago, on January 30, 2020. *See* Pretrial Order.

Second, the Court's OSC, and previous orders, *see* ECF Nos. 74–75, warned Plaintiff that failure to submit the joint pretrial order would result in dismissal. Third, "[p]rejudice to defendants resulting from unreasonable delay may be presumed," *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982), and there is a stronger case here where Plaintiff's noncompliance has prevented the parties from making a joint submission in preparation for trial. *See, e.g.*, *Gaines v. Nassau Cty. Health Care Corp.*, No. 18 Civ. 2109, 2020 WL 42804, at *1 (E.D.N.Y. Jan. 3, 2020) (dismissing case where *pro se* plaintiff failed to provide defendant with information necessary to complete joint pretrial order); *Neufeld v. Neufeld*, 172 F.R.D. 115, 119 (S.D.N.Y. 1997) (holding that plaintiffs' failure to comply with pretrial order requiring them to submit pretrial memorandum and joint pretrial order warranted dismissal of case).

Fourth, Plaintiff's non-compliance, both with respect to filing the joint pretrial order and making previous submissions, has impeded this Court's work by requiring the Court to issue constant reminders, shift deadlines, and adjourn conferences. *See* ECF Nos. 10, 31, 39, 63, 66, 69, 73–75. Were the action not dismissed, the Court would have to reschedule the trial scheduled for July 6, 2020, without having yet received a joint pretrial order, and without any indication as to when the Court will receive one, given Plaintiff's lack of communication with his counsel.

Finally, "[u]nder the circumstances described above, the lesser sanction of dismissal without prejudice (rather than with prejudice) is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendant[] by retaining open lawsuits with no activity." *Barker v. City of New York*, No. 19 Civ. 2582, 2020 WL 589048, at *2 (S.D.N.Y. Feb. 5, 2020) (internal quotation marks and citation omitted), *appeal filed*, No. 20-812 (2d Cir. Mar. 5, 2020). Dismissal without prejudice "is proper because courts considering dismissal for failure to prosecute pursuant to Rule 41(b) must consider the efficacy of lesser sanctions." *Id.* (internal quotation marks and citations omitted).

Accordingly, Plaintiff's case is dismissed without prejudice for lack of prosecution. The Clerk of Court is directed to close the case.

Chambers will mail a copy of this order to Defendant *pro se*.

SO ORDERED.

Dated: June 30, 2020
New York, New York

_____
ANALISA TORRES
United States District Judge